Díaz et al., Peticionarios y Apelantes, *v.* Cividanes, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre administración judicial.

No. 2257.—Resuelto en enero 31, 1921.

Partición de Herencia—Administración Judicial—Cuenta Final de Administración.—Para que pueda ser nombrado un contador partidor no es requisito previo que el administrador judicial haya rendido su cuenta final y le haya sido aprobada.

Id.—Impugnación Tardía al Informe del Contador.—El momento oportuno para impugnar el nombramiento de contador partidor hecho por la corte es cuando tal nombramiento se hace. Es tardía la impugnación al nombramiento del contador partidor después que el informe había sido rendido; con mayor razón cuando los herederos impugnadores habían comparecido ante él tomando participación en las operaciones.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. T. Bernardini.*

Abogados del apelado: *Sres. Muñoz & Brown.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La Corte de Distrito de Guayama nombró un contador partidor para que practicara las operaciones de división y adjudicación de los bienes pertenecientes a la herencia de

Rufina Molinari. Dicho contador partidor presentó su in-forme sobre esas operaciones en la corte el que fué impugnado por los hermanos María Hortensia, María Esperanza y Ramón Pastor Díaz Molinari alegando contra él objeciones de carácter general a todo el informe, proponiendo, subsidiariamente, determinadas eliminaciones del mismo y tratando también las cuestiones de fondo, por todo lo que pidieron que no fuera aprobado. El administrador judicial de los bienes, Manuel Cividanes, viudo de la causante de la sucesión, se opuso a tal impugnación.

Convinieron dichas partes en que se discutieran y resolvieran primeramente por la corte las cuestiones de derecho y después las de hecho suscitadas por la impugnación y, habiendo aceptado la corte ese convenio, en 28 de abril de 1920 dictó resolución desestimando las objeciones de carácter general aducidas contra todo el informe, concediendo varias de las eliminaciones que se habían solicitado y disponiendo que se oyera a las partes sobre las cuestiones de hecho pendientes. Contra la primera parte de esa resolución interpusieron los impugnadores el presente recurso de apelación.

La impugnación de carácter general que es objeto de este recurso la fundaron los apelantes en lo siguiente: Primero, que debía desestimarse totalmente el informe porque el contador partidor realizó las operaciones que se le encomendaron sin que previamente el administrador judicial de los bienes haya rendido la cuenta final de su administración y sin que haya mediado auto definitivo de la corte aprobándola; segundo, porque el contador partidor formalizó el inventario de los bienes y resolvió las cuestiones de derecho planteadas por los opositores, sin su audiencia en cuanto a las cuestiones propuestas para la fijación definitiva del inventario; tercero, que no fueron oídos por el contador partidor en la práctica del avalúo, pues si bien designaron peritos fué bajo la prevención de que no habían de entrar en él hasta que el inventario estuviera definitivamente estable-

cido; y cuarto, que el contador partidor practicó las operaciones de división y adjudicación en virtud de una orden prematura de la corte bajo el fundamento erróneo de haber precedido el cumplimiento del artículo 55 de la Ley de Procedimientos Legales Especiales, cuando es lo cierto que el administrador judicial no había presentado sus cuentas finales ni estaban aprobadas, ni tampoco se había cumplido con lo dispuesto en el artículo 59 de la ley antes citada.

Como se ve las cuestiones de carácter general alegadas contra todo el dictamen con objeto de que no fuera aprobado y para que fuera devuelto al contador partidor, aunque consignadas en cuatro apartados son dos solamente, a saber: si para que el contador partidor pueda practicar las operaciones propias de su nombramiento es preciso que previamente el administrador judicial de los bienes haya rendido su cuenta final y le haya sido aprobada definitivamente y si los apelantes fueron oídos por el contador partidor al practicar sus operaciones.   Estas son también las dos únicas cuestiones que se alegan como errores en este recurso.

Los artículos 55 y 59 citados por los apelantes se hallan en el capítulo dedicado a la presentación de cuentas por los administradores judiciales, ordenando el primer artículo de dicho capítulo, que es el 54, que los administradores presenten a la corte cuentas trimestralmente las que estarán en la Secretaría a disposición de las partes; el 55, que cuando los administradores hayan terminado la liquidación de los bienes, renuncien o sean separados, o por cualquiera otra causa cesen en el desempeño de sus cargos, deberán presentar en la secretaría del tribunal una cuenta final, que también se pondrá de manifiesto para su inspección, la que puede ser impugnada según el artículo 56; el 57 dispone que el juez aprobará dicha cuenta o hará en ella modificaciones o alteraciones; el 58 autoriza a ciertas personas para pedir que se obligue al administrador a que rinda su cuenta final y el 59, que es el último artículo del capítulo, dispone que

el auto definitivo en una rendición de cuentas dispondrá con arreglo a derecho y justicia, la adjudicación del sobrante que resultare, en dinero o fincas, entre las personas con derecho a ello, después de satisfechas las deudas del finado y cubiertos los gastos de la administración.

La misma ley en otro capítulo dedicado a la división y partición de la herencia dispone en el artículo 67 que "cuando un albacea o administrador estuviere en posesión de todo el caudal, y hubiese satisfecho o tuviese en su poder bienes bastantes para satisfacer las deudas y gastos de la administración, deberá pedir a la corte de distrito el nombramiento de un contador para practicar la división de la herencia, siempre que el testador no lo haya nombrado en su testamento." El artículo 70 dispone que el comisionado fijará día, hora y lugar para la división, notificando al efecto a las partes interesadas y que a la hora y en el lugar designados y asistido por las partes, tendrá facultad para examinar testigos y peritos. Contiene ese artículo otras disposiciones que no necesitamos consignar ahora.

En el informe del contador partidor que tenemos ante nosotros en este recurso se halla inserta la resolución de la corte de distrito que lo nombró en virtud de petición que con tal fin le hizo el administrador judicial Cividanes; y son hechos no controvertidos que éste estaba en posesión de todo el caudal de la herencia, que no existían deudas, que tenía en su poder cantidad suficiente para satisfacer los gastos de la administración y que los herederos no estaban acordes respecto a la división y partición de la herencia por lo que, de acuerdo con el artículo 67 de la Ley de Procedimientos Legales Especiales, era procedente el nombramiento de contador partidor hecho por la corte y ésta no cometió error al hacer ese nombramiento, a pesar de que el administrador judicial no había rendido la cuenta final de su administración, ni le había sido aprobada, ni tampoco, por consiguiente, se había dispuesto por la corte la adjudicación del

sobrante de la cuenta de administración entre las personas que tuvieren derecho a él.

El artículo 67 citado no exige como requisito para hacer el nombramiento de contador partidor que la cuenta final del administrador haya sido rendida y aprobada definitivamente, como sostienen los apelantes; ni puede ser así porque mientras el contador partidor rinda su informe, que en este caso fué presentado el 26 de diciembre de 1919, casi a los diez meses de su nombramiento, mientras se hace su impugnación y hasta que es aprobado definitivamente los bienes de la herencia no pueden quedar sin alguna persona que los administre. Esa cuenta final procederá cuando por haber sido aprobadas definitivamente las operaciones de división y partición de los bienes de la herencia se hayan incautado los herederos de sus respectivas adjudicaciones, cesando así la administración de tales bienes y repartiéndose entonces el sobrante que pueda haber. Hasta que las operaciones de división y partición no estén definitivamente aprobadas no puede saberse la participación que con arreglo a derecho y justicia corresponda a cada interesado en el sobrante que pueda haber de la administración.

Además, si los apelantes entendían que el nombramiento del contador partidor era prematuro e improcedente sin la rendición previa de la cuenta final del administrador judicial, sin su aprobación definitiva y sin la distribución del sobrante que hubiera, debieron haber ejercitado sus recursos legales cuando el nombramiento fué hecho y no ahora después que el informe ha sido rendido y después de haber comparecido ellos ante dicho contador partidor tomando participación en las operaciones que practicó. 10 R. C. L., página 511.

En cuanto al segundo motivo del recurso tampoco tienen razón los apelantes pues del informe rendido por el contador partidor resulta que cumpliendo lo dispuesto en el artículo 70 de la expresada ley fijó día, hora y lugar para la

división, fueron notificados los apelantes, éstos tomaron par-
ticipación en las cuestiones que en la misma surgían y nom-
braron peritos para el avalúo de los bienes. Si esa inter-
vención de los apelantes para la formación del inventario y
para el avalúo fué bajo la prevención de que no rindiera su
informe hasta que el administrador presentara su cuenta
final y le fuera aprobada definitivamente, tal cosa no apa-
rece de los autos que tenemos ante nosotros al resolver este
recurso, ni era razón tampoco para que el contador partidor
no hiciera el trabajo que le encomendó la corte, pues no era
un requisito previo a su nombramiento según hemos dicho
antes.

Por las razones expuestas, la resolución de la Corte de
Distrito de Guayama de 28 de abril de 1920 en cuanto deses-
tima la objeción general alegada por los apelantes contra el
dictamen del contador partidor, que es el extremo motivo
de este recurso, debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.